Parker, J.
This is a case in which error to the common pleas court of this county is sought to be prosecuted in this court, on account of alleged errors made apparent by a bill of exceptions.
It is submitted to us upon a motion to strike the bill of exceptions from the files. In the court below there was a trial, a verdict of a jury, a motion for a new trial filed in due time, which motion was overruled on .Tune 28, 1897, followed by judgment on the verdict. On August 17, 1897, fifty days after the overruling of the motion for a new trial, the trial judge by endorsement on the bill of exceptions extended the time for examination and allowance of the same for ten days after August 17th, and the same was allowed and signed on August 23d and filed in the court of oommon pleas on August 24th. This motion to strike the bill of exceptions from the files is based upon the ground that the bill of exceptions was not submitted to the trial judge for his signature not less than five days before the expiration of fifty days after the overruling of the motion fora new trial, as required by sec. 5302, Rev. Stat. In support of this motion, and as evidence of the fact that the bill of exceptions was not presented to the trial judge until the 17th day of August, or fifty days after the overruling of the motion for a new trial, the defendant in error has produced — First, the bill of exceptions, upon which appears the following endorsement by the trial judge:
“This bill of exceptions first submitted to me this 17th day of August, 1897 (not having been presented five days prior thereto), and time for examination and signing is hereby extended for the period of ten days from this date.
“Defendant excepts. S. A. Wildman,
“Judge of Sandusky county Common Pleas Court.
“Sandusky, Ohio, August 17, 1897.”
Second — The journal entry of the allowance and signing of the bill of exceptions, which reads as follows: “Be it remembered that on this 23d day of August, 1897, this cause came on for hearing upon application for allowance and signing of the bill of exceptions heretofore prepared and *587 submitted to the court, it being agreed by counsel, and the court finding that said bill of exceptions was presented by counsel for plaintiff tc opposing counsel on the 7th day of August, 1897, at 5:30 o’clock P. M., and net before, and was presented to Hon. S. A. Wildman, trial judge, on the 17th day of August, 1897, and not before, said judge not having been absent from his said district at any time after said trial, and said court having on theBaid 17th day of August, 1897, for the purpose of examining and signing said hill of exceptions, extended the time ten days, whioh extension was duly endorsed upon said bill of exceptions at the time, and the court having examined said bill of excepticns, and finding the same to be a true bill of exceptions, did on the 23 day of August, allow and sign the same and ordered it to be filed, but not spread upon the journal, to which extension of time and the endorsing of the same and to the allowing and signing of said bill, defendants, by their counsel, then and there duly excepted. And thereupon the defendants presented their bill of exceptions, which is here duly allowed and signed and ordered made apart of the record of this case and not to be spread upon the journal.”
Third — The affidavit of the trial judge to the same facts as are set forth in the journal entry just read.
Fourth — The bill of exceptions taken by defendant upon the allowance by the trial judge of plaintiff’s bill of exceptions, the allowance of which bill of exceptions for defendant, is recited in the'journal entry, which I have just read.
Objection to the consideration of the statement in the endorsement by the judge cn plaintiff’s bill of exceptions, to the effect that it was first submitted to him on the 17th day of August, and that it had not been presented five days prior thereto, is urged on the ground that the only statement the trial judge is authorized to endorse upon the bill is that of the extension of ten days, as provided by see. 5302, Rev. Stat. We held, following our deoision in the case of Dwelle et al. v. Wilson, Assignee, 14 Cir.Court Reps. 551, that such statements being unauthorized, cannot be considered as affording evidence of the fact stated with regard to the time when the bill was first submitted to the judge; and that leaves no evidence upon the face of the bill of exceptions that it was not presented to the judge in due time. Following the same decision, we also disregard the bill of exceptions taken on behalf cf defendants. We also hold that the affidavit cannot be considered; and thus brings us to the journal entry. We understand the case of *588 Heddleson v. Hendricks, 49 Ohio St., 297, as holding that the record showing the allowance of the bill of exceptions imports absolute verity, net only as to what appears therein affirmatively, but also as to the faots to be presumed from what thus affirmatively appears, and that evidonce cannot be received to impeach the record either as to the faats affirmatively stated, or those presumed. In that case the bill of exceptions appeared by the entry of allowance, as well as upon its face, to have been allowed within the statutory time; and the oourt refused to hear evidence tending to show that it was not presented to opposite counsel within the statutory time, holding, as we understand it, that suoh faots where the record is silent, are presumed to have been found by the trial judge before signing, and that the record of the allowance of the bill of exceptions includes and is conclusive upon such faots. Of course it does not follow that if the bill of exceptions was not in fact presented within the statutory time, the party objecting to its allowance would be without remedy, but in such case he would probably be required to seek an amendment of the record in the oourt where it was made. Here, however, we have a journal entry showing affirmatively that the bill of exceptions was not presented to the trial judge within the statutory time. It is urged that there is no authority for stating suoh faots in the journal, and that therefore the oourt cannot take any notice of suoh statements when found there. That the statute provides simply for an entry of the allowance and signing of the bill of exceptions, and that all that may be stated beyond that naked fact is extra judicial.
In Neuman v. Becker, 54 Ohio St. 323, it is held that the conditions that the bill of exceptions shall be presented to opposite counsel and the trial judge within the period prescribed by the statute is jurisdictional. That the trial judge has no power or authority to allow or sign the bill unless these conditions have been complied with. As a rule we believe the record or journal of the court should show by affirmative finding or otherwise the existence of jurisdictional facts, or facts authorizing the court to act in the premises. If not always absolutely neaessary, it can hardly be said to be improper. We think from this holding with respect to the nature of these facts, and the holding in Heddleson v. Hendrioks, supra, it follows that a finding of these jurisdiotional faots, either affirmatively or presumptively, should appear upon the journal, and that when the affirmative finding rebuts the presumption of regularity in *589 the steps taken, and when it shows that the statutory requirements have not been complied with, the court may, and on proper application must regard and give effeot to such findings. To say that the record imports absolute verity as to certain facts either actually or presumptively found therein, is to say that such facts properly appear or belong in auoh record.
Chatterton, of Toledo, for Plaintiff in Error.
Judge Wickham, John Graver & Love, of Fremont, for Defendant in Error.
The motion to strike the bill of exceptions from the files is sustained, and it appearing that all the errors alleged are predicated Gn the bill of exceptions, the judgment of the court of common pleas will be affirmed.